IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY KEITH GARRETT, ) | |
| ) | |
| Plaintiff, ) | No. 3:15-cv-00119 |
| ) | Senior Judge Haynes |
| v. ) | |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff, Jeffrey Keith Garrett, filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) against the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, seeking judicial review of the Commissioner's denial of Plaintiff's applications for disability benefits and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. and 1381-83. After an evidentiary hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's applications. The ALJ found, in sum, as follows:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2010.

2. The claimant has not engaged in substantial gainful activity since January 1, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: coronary artery disease; chronic obstructive pulmonary disease; right inguinal hernia; left shoulder arthralgia; peripheral artery disease; polysubstance dependence; and bipolar disorder not otherwise specified (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

* * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and/or carry 20 pound occasionally and 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; occasionally reach overhead with left upper extremity; frequently climb, balance, stoop, kneel, crouch, and crawl; and avoid concentrated exposure to temperature extremes and respiratory irlitants. The claimant can understand, remember, and carry out simple and detailed tasks and can sustain concentration, persistence and pace for these tasks with normal breaks spread throughout the workday. The claimant can interact appropriately with others and tolerate occasional changes in the workplace and job duties.

* * *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

* * *

7. The claimant, born on January 18, 1962, was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school (12th grade) education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

* * *

11. The claimant has not been under a "disability" as defined in the Social Security Act from January 1, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Docket Entry No. 10, Administrative Record ("AR"), at 266, 268, and 276-77). The Appeals Council denied Plaintiff's request for review. Id. at 1-7.

Before the Court is Plaintiff's motion for judgment on the record (Docket Entry No. 14) contending, in essence: that the ALJ failed to weigh properly the medical opinion evidence, and that new medical evidence warrants a remand for another hearing before the ALJ. In response (Docket Entry No. 16), the Commissioner argues that substantial evidence supports the ALJ's decision, that the medical opinion evidence was properly considered, and that the cited new evidence does not justify a remand for another hearing.

## A. Review of the Record

Plaintiff's applications asserted a disability based upon his bipolar disorder, attention deficit disorder ("ADD"), obsessive-compulsive disorder, anxiety, and left shoulder problems, (Docket Entry No. 10 at 421), beginning January 1, 2010. Plaintiff's insured status under Title II of the Act expired on June 30, 2010.[1] Id. at 266.

As to the issues raised in this action, the Court addresses first whether the ALJ properly

---

[1] To be entitled to disability benefits under Title II of the Act, Plaintiff had the burden to show that he was disabled prior to the expiration of his insured status on June 30, 2010. See 20 C.F.R. § 404.130; Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir. 1990). To be entitled to supplemental security income under Title XVI of the Act, Plaintiff must show that he was disabled while his application was pending. See 42 U.S.C. § 1382c; 20 C.F.R. §§ 416.330 and 416.335. Thus, the relevant time period for consideration in this case is from January 1, 2010 (the date Plaintiff alleges that he became disabled) through August 23, 2013 (the date of the ALJ's decision). Claims for SSI are not payable until the time of the application, 42 U.S.C. § 1382(c)(7), 20 C.F.R. §416.501, effectively creating a gap from the date last insured through the time of the application in which Plaintiff would be ineligible for any benefits.

evaluated the medical opinions of evidence. On this issue, the ALJ made the following findings:

> Dr. James Sullivan [Plaintiff's treating physician] completed a medical source statement on June 18, 2013. Dr. Sullivan assessed the claimant could lift and/or carry 10 pounds occasionally and 10 pounds frequently; stand and/or walk less than 2 hours in an 8-hour workday for 5 minutes at one time; sit about 4 hours in an 8-hour workday for 10-15 minutes at one time; rarely stoop and bend; occasionally climb stairs; never twist, crouch, and climb ladders; limited fingering and reaching overhead with left upper extremity; and avoid concentrated exposure to temperature extremes, high humidity, fumes, odors, dusts, gases, soldering fluxes, solvents/cleaners, and chemicals. Dr. Sullivan also indicated the claimant would like a cane to ambulate, would need to lie down at unpredictable intervals during an 8-hour workday 2-3 times per day, and would likely be absent from work more than four days per month.
>
> The undersigned gives great weight to the opinion of Dr. Parrish because her assessment is consistent with the medical evidence and objective findings. However, Dr. Parrish did not appear to consider the claimant's left shoulder issue appropriately. Therefore, the undersigned gives significant weight to the evaluation findings of Dr. Morton and her limitation of occasionally lift his left hand over his head or reach with his left hand. The undersigned gives little weight to the opinion of Dr. Curtsinger because his assessment is not consistent with the evidence submitted after his review of the record. The undersigned gives little weight to the opinion of Dr. Sullivan because his assessment is not supported by his treatment notes or the medical evidence as a whole and certainly not supported by the mild peripheral artery disease findings on diagnostic testing.

Id. at 275 (internal citations omitted).

As to the new evidence contention, Plaintiff cites a Nashville General Hospital test dated June 6, 2013 that found abnormal monophasic waveforms of the right and left posterior tibial and dorsalis pedis arteries and an abnormal ankle brachial index of 0.84 on Plaintiff's right and 0.83 on Plaintiff's left. Id. at 944. Plaintiff cites the ALJ's reliance on similar testing on April 4, 2013, revealing "no significant obstructive changes of the arteries of the right and left lower extremities" with "[a]nkle-brachial index on the right [of] 1.0 and on the left [of] 1.0." Id. at 271. The ALJ also referenced these findings in rejecting Dr. Sullivan's opinion. Plaintiff argues that the June 2013

4

testing shows that Plaintiff's ankle brachial index and left ankle brachial index have worsened and supports Dr. Sullivan's opinion.

As to good cause for failure to present the new evidence, Plaintiff cites his counsel's request for a complete set of Plaintiff's medical records from Nashville General and that at the time of the hearing before the ALJ, Plaintiff's counsel believed those records to be complete. Plaintiff's counsel was unaware that Plaintiff underwent this June 2013 testing as well as its results until 2014. Upon its discovery, this evidence was presented to the Appeals Council. Id. at 5, 923-64.

The Commissioner states that among the medical records for this new evidence, is an emergency room treatment for confusion on July 13, 2013. Id. at 929. Plaintiff was assessed with dehydration and discharged in improved stable condition. Id. at 934. A CT scan did not reveal acute problems. Id. Further, the Commissioner notes that Dr. Sullivan treated Plaintiff in June 2013 and characterized Plaintiff's peripheral arterial disease as "mild." Id. at 941. Although Plaintiff's leg pain was described as worsening with walking, this pain receded with rest. Id. Dr. Sullivan directed Plaintiff to return in three months. Id. at 942.

As to the brachial index, the Commissioner argues that this reflects Plaintiff's continued treatment for peripheral artery disease that the ALJ found severe, but nevertheless still "mild." Id. at 266, 941, 944. In addition, the new record reveals that Plaintiff was treated for left shoulder pain in May 2013, id. at 951, that was treatment for an existing impairment.

### B. Conclusions of Law

The Social Security Act defines "disability" as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months." 42 U.S.C. § 423(d)(1); see also 42 U.S.C. § 1382c(a)(3). A reviewing court's evaluation of the Commissioner's decision is based upon the entire record in the administrative hearing process. Jones v. Sec'y, Health and Human Servs., 945 F.2d 1365, 1369 (6th Cir. 1991). Judicial review is limited to a determination of whether substantial evidence exists in the record to support the Commissioner's decision, and whether any legal errors were committed in the process of reaching that decision. Landsaw v. Sec'y of Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quoting Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994)). Even if the evidence could also support a different conclusion, the ALJ's decision must stand, if substantial evidence supports the conclusion reached. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

The ALJ found that Plaintiff had severe impairments that included coronary artery disease; chronic obstructive pulmonary disease; right inguinal hernia; left shoulder arthralgia; peripheral artery disease; polysubstance dependence; and bipolar disorder not otherwise specified. (Docket Entry No. 10 at 266). Yet, the ALJ did not find any of these impairments alone or in combinations to satisfy the requirements of 20 C.F.R. part 404, subpart P, appendix 1. Id. The ALJ determined that Plaintiff retained the residual functional capacity to:

> lift and/or carry 20 pound occasionally and 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; occasionally reach overhead with left upper extremity; frequently climb, balance, stoop, kneel, crouch, and crawl; and avoid concentrated exposure to temperature extremes and respiratory irritants. The claimant can understand, remember, and carry out simple and detailed

6

>tasks and can sustain concentration, persistence and pace for these tasks with normal breaks spread throughout the workday. The claimant can interact appropriately with others and tolerate occasional changes in the workplace and job duties.

Id. at 268. The ALJ found that Plaintiff's impairments would not preclude him from performing work that exists in significant numbers in the national economy, including work as a general office clerk, office helper, and order clerk, based on vocational expert testimony. Id. at 277, 317.

As to Plaintiff's contention that the ALJ failed to weigh and consider properly the medical opinion evidence, the SSA has three classifications of medical sources: treating sources; examining but non-treating sources; and non-examining sources. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1502, 416.902. A treating source has a history of medical treatment and an ongoing treatment relationship with the plaintiff consistent with accepted medical practice. 20 C.F.R. §§ 404.1502, 416.902. An examining non-treating source has examined the plaintiff, but does not have an ongoing treatment relationship. Id. A non-examining source is a physician, psychologist, or other acceptable medical source who has not examined the plaintiff, but provides a medical or other opinion based upon medical and treatment records. Id.

"Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2014) (quoting 20 C.F.R. § 404.1527(c)(2)). If the ALJ does not assign the treating physician's opinion "controlling weight," then the ALJ must weigh the opinion based on a number of factors, including: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and

any specialization of the treating physician." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (internal citations omitted). The ALJ must also provide "good reasons" for discounting the treating physician's opinion and those reasons must be "supported by the evidence in the case record" and "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id. at 406-07 (internal quotations and citations omitted).

Plaintiff's specific argument is that in evaluating Dr. Sullivan's opinion, the ALJ failed to consider the medical proof in the record as a whole. While the ALJ must consider the record as whole on the issue of Plaintiff's impairment and disability, the weight of a treating physician's opinion is properly evaluated by the evidence offered in support of that opinion. Here, the ALJ cited the limited medical testing and treatment for Dr. Sullivan's opinion and such limitations are reasonable bases to reject that opinion.

As to Plaintiff's new medical evidence claim, the June 6, 2013 test revealed abnormal monophasic waveforms of the right and left posterior tibial and dorsalis pedis arteries. This test yielded objective findings of abnormal ankle brachial index of 0.84 on the right and 0.83 on the left. (Docket Entry No. 10 at 944). The May 2013 test cited by the ALJ revealed mild peripheral arterial disease with normal ankle brachial indices. Id. at 856. Given this objective medical proof of the worsening of Plaintiff's impairment, the Court concludes that this new medical evidence is material and warrants a sentence six remand. Given Plaintiff's mental disorders, the Court finds good cause for the delay in Plaintiff's counsel's submission of this proof.

Accordingly, the Plaintiff's motion for judgment on the record (Docket Entry No. 14) should be denied without prejudice and this action should be remanded for consideration of this new

medical evidence.

An appropriate Order is filed herewith.

**ENTERED** this the 16th day of September, 2016.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge